# EXHIBIT D

3/23/2020 12:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41853710
By: Cynthia Clausell-McGowan
Filed: 3/23/2020 12:29 PM

CAUSE NO. _____

| | | |
|---|---|---|
| DAVID AND JANET HENSON, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND MARIO | § | |
| CAPMANY, | § | |
| | § | _____ DISTRICT COURT |
| *Defendants.* | § | |

**PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND,
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, David and Janet Henson ("Plaintiffs"), and files **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and Mario Capmany ("Capmany") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

**DISCOVERY CONTROL PLAN**

1.      Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

**PARTIES**

2.      Plaintiffs, David and Janet Henson, resides in Harris County, Texas.

3.      Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois insurance company, engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon Allstate Vehicle and Property Insurance Company, through its registered agent for service**: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**.  Plaintiffs request service at this time.

4.      Defendant Mario Capmany is an individual resident of Jasper, Texas.  Capmany may be
served with citation at the address listed with the Texas Department of Insurance: **15247
FM 777 Jasper, Texas 75951**.  Plaintiffs request service at this time.

## JURISDICTION

5.      The Court has jurisdiction over Allstate Vehicle and Property Insurance Company because
this Defendant engages in the business of insurance in the State of Texas, and the causes
of action arise out of Allstate's business activities in the state, including those in Harris
County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over Capmany because this Defendant engages in the business
of adjusting insurance claims in the State of Texas, and the causes of action arise out of
this Defendant's business activities in the State of Texas, including those in Harris County,
Texas, with reference to this specific case.

## VENUE

7.      Venue is proper in Harris County, Texas because the insured property is located in Harris
County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred
in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.      Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections
541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA, fraud,
negligence and gross negligence.

9.      Plaintiffs own an Allstate Vehicle and Property Insurance Company insurance policy,
number 000829850713 ("the Policy").  At all relevant times, Plaintiffs owned the insured

premises located at **22706 Royal Arms Court Katy, Texas 77449** ("the Property").

10.    Allstate Vehicle and Property Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiffs.  Allstate Vehicle and Property Insurance Company represented to Plaintiffs that the Policy included hail and windstorm coverage for damage to Plaintiffs' Property.

11.    On or about May 9, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Katy/Harris County, Texas area.

12.    In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Allstate against the Policy for damage to the Property.  Allstate assigned claim number 0564308104 to Plaintiffs claim.

13.    Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

14.    Allstate hired or assigned its agent, Capmany, to inspect and adjust the claim.  Capmany conducted an inspection on or about October 22, 2019, according to the information contained in his estimate.  Capmany's findings generated an estimate of damages totaling $1,328.24. After the application of depreciation and $5,809.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

15.    Allstate, through its agent, Capmany, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16.    Allstate and Capmany have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior damage. Specifically, Capmany found no storm-related damage to Plaintiffs' roof. The third-party inspector hired to review

the damage to the Property found damage to Plaintiffs' composite shingle roof, ridge cap, satellite system, valley metal, chimney flashing, pipe jack flashing, roof vent, exhaust cap, and furnace vent that were completely absent from Capmany's estimate.

17.   The damage to Plaintiffs Property is currently estimated at $27,904.24.

18.   Capmany had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Capmany.

19.   Furthermore, Capmany was aware of Plaintiffs' $5,479.00 deductible prior to inspecting the Property.  Capmany had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

20.   Capmany misrepresented the actual amount of damage Plaintiffs Property sustained in addition to how much it would cost to repair the damage. Capmany made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

21.   After reviewing Plaintiffs Policy, Capmany misrepresented that the damage was caused by non-covered perils. Capmany used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs Property would not be covered under the policy.

22.   As stated above, Allstate and Capmany improperly and unreasonably adjusted Plaintiffs claim.  Without limitation, Allstate and Capmany misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs Property, as well as the amount of insurance coverage for Plaintiffs claim or loss under the Policy.

4

23.     Allstate and Capmany made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Allstate and Capmany made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Capmany.

24.     Plaintiffs relied on Allstate and Capmany's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

25.     Upon receipt of the inspection and estimate reports from Capmany, Allstate failed to assess the claim thoroughly.  Based upon Capmany's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

26.     Because Allstate and Capmany failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiffs' Property.

27.     Furthermore, Allstate and Capmany failed to perform their contractual duties to Plaintiffs under the terms of the Policy.  Specifically, Capmany performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

28.     Allstate and Capmany's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

29.     Allstate and Capmany's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (1).  Allstate and Capmany have failed to settle Plaintiffs claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Allstate and Capmany have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

30.     Allstate and Capmany's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a) (2) (A).   Allstate and Capmany failed to provide Plaintiffs a reasonable explanation for underpayment of the claim.

31.     Additionally, after Allstate received statutory demand on or about 01/23/2020, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs claim properly.

32.     Allstate and Capmany's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Capmany performed a biased and intentionally substandard inspection designed to allow Allstate to refuse to

6

provide full coverage to Plaintiffs under the Policy.

33.    Specifically, Allstate and Capmany performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

34.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Due to Capmany subpar inspection, Allstate failed to reasonably accept or deny Plaintiffs full and entire claim within the statutorily mandated time after receiving all necessary information.

35.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Capmany's intentional undervaluation of Plaintiffs' claims, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Capmany's understatement of the damage to the Property caused Allstate to delay full payment of Plaintiffs claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' claim.

36.    Allstate and Capmany's wrongful acts and omissions have forced Plaintiffs to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

37.    All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

38.  Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

39.  Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40.  Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

41.  Allstate's unfair settlement practice of misrepresenting to Plaintiffs' material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (1).

42.  Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

43.  Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

44.     Allstate's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

46.     Allstate's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47.     Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

48.     Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

49.     Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Allstate pursuant to the DTPA.  Plaintiffs have met all conditions

precedent to bring this cause of action against Allstate.  Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Allstate's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Allstate represented to Plaintiffs that the Policy and Allstate's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.    Allstate represented to Plaintiffs that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.    Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Allstate's

unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.    Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.    Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages.  All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

51.    Allstate is liable to Plaintiffs for common-law fraud.

52.    Every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as she did, and Allstate knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

53.    Allstate made these statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon these statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

**CAUSES OF ACTION AGAINST DEFENDANT MARIO CAPMANY**

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

54.    All allegations above are incorporated herein.

55.    Capmany's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

11

56. Capmany is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Allstate, because Capmany is a "person," as defined by TEX. INS. CODE §541.002(2).

57. Capmany knowingly underestimated the amount of damage to the Property.  As such, Capmany failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

58. Furthermore, Capmany did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

59. Capmany's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

60. Capmany's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

61. All allegations above are incorporated herein.

62. Capmany's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Capmany pursuant to the DTPA.  Plaintiffs have met all

12

conditions precedent to bringing this cause of action against Capmany. Specifically, Capmany's violations of the DTPA include the following matters:

A.   By this Defendant's acts, omissions, failures, and conduct, Capmany has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Capmany's violations include (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.   Capmany represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.   Capmany represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Capmany's actions are unconscionable in that Capmany took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Capmany's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.   Capmany's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

63.     Each of Capmany's above-described acts, omissions, and failures is a producing cause of

        Plaintiffs' damages.  All acts, omissions, and failures were committed "knowingly" and

        "intentionally" by Capmany, as defined by the Texas Deceptive Trade Practices Act.  TEX.

        BUS. & COM. CODE 17.45.

                                            **FRAUD**

64.     All allegations above are incorporated herein.

65.     Allstate assigned or hired Capmany to adjust the claim.

        a.  Capmany had a vested interest in undervaluing the claims assigned to him by

            Allstate in order to maintain his employment. The disparity in the number of

            damaged items in his report compared to that of Plaintiffs' public adjuster's is

            evidence of fraud on the part of Capmany. The valuation of damages that were

            included in Capmany's report compared to Plaintiffs' public adjuster's is also

            evidence of fraud on the part of Capmany.

        b.  Furthermore, Capmany was aware of Plaintiffs' deductible before even visiting the

            Property to conduct the inspection. Capmany had advanced knowledge of what

            amount of damages he needed to find in order to either deny the claim or find the

            claim below the deductible.

        c.  Capmany made misrepresentations as to the amount of damage Plaintiffs' Property

            sustained as well as misrepresentations regarding how much it would cost to repair

            the damage to Plaintiffs' property.

        d.  Capmany made further misrepresentations to Plaintiffs during his inspection.

            Capmany used his expertise to fabricate plausible explanations for why visible

                                                14

damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

## NEGLIGENCE

66.   All allegations above are incorporated herein.

67.   Capmany was negligent in his actions with regard to his adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

   a.   Failure to conduct a reasonable inspection;

   b.   Failure to include covered damage that would be discovered as a result of reasonable inspection;

   c.   Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

   d.   Failure to identify the cost of proper repairs to Plaintiffs' Property; and

   e.   Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

68.   Capmany's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

69.   At all relevant times, Capmany was an agent or employee of Defendant Allstate.

70.   Capmany's unreasonable inspection was performed within the course and scope of his duties with Defendant Allstate. Therefore, Allstate is also liable for the negligence of Capmany through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

71.   All allegations above are incorporated herein.

72.   Capmany's actions or omissions constitute gross negligence as defined in TEX. CIV. P.

& REM. CODE § 41.001 (11)(A) and (B):

   a.   Capmany's actions, when viewed objectively from the standpoint of the actor at the
   time of their occurrence involves an extreme degree of risk, considering the
   probability and magnitude of potential harm to Plaintiffs, and

   b.   Capmany had actual, subjective awareness of the risk involved but nevertheless
   proceeded with conscious indifference to the rights, safety, and/or welfare of
   Plaintiffs.

73.   Capmany intentionally misrepresented the scope and amount of damages on the estimate
prepared for Plaintiffs' Property on behalf of <insurance company>. His estimate was to
such an extreme degree below what another licensed adjuster would have done in this
situation (as evidenced by the Public Adjuster's estimate); it was also in complete disregard
for the risk and harm Plaintiffs would suffer if the actual damages to the Property were
allowed to persist unrepaired.

## KNOWLEDGE

74.   Defendant made each of the acts described above, together and singularly, "knowingly,"
as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs'
damages described herein.

## WAIVER AND ESTOPPEL

75.    Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

76.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs' claims in violation of the laws set forth above.

77.    Plaintiffs currently estimate that actual damages to the Property under the Policy are $27,904.24.

78.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above-described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

79.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

80.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

81.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

82.  For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

83.  Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

84.  For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

85.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however.  Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

86.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

87.   Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Allstate Vehicle and Property Insurance Company and Mario Capmany, be cited and served to appear and that upon trial hereof, Plaintiffs David and Janet Henson, recover from Defendant, Allstate Vehicle and Property Insurance Company and Mario Capmany such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the

Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS